UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CRISTHIAN M. CLASS, )
 )
    Plaintiff, )
 )
    v. ) 14-CV-3089
 )
LT. NAVE, )
 )
    Defendants. )

**MERIT REVIEW OPINION**

SUE E. MYERSCOUGH, U.S. District Judge.

    Plaintiff, proceeding pro se and incarcerated in Western Illinois Correctional Center, seeks leave to proceed in forma pauperis. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

    Plaintiff alleges that he informed Lieutenant Nave that Plaintiff's cellmate was a belligerent, unreasonable bully who had repeatedly challenged Plaintiff to fight. The cellmate decided that he alone would determine when and if the cell window was open. The roommate would regularly force Plaintiff to keep the window

open during frigid temperatures. When Plaintiff tried to close the window, his roommate bumped his chest into Plaintiff, challenging Plaintiff to a fight. Plaintiff pleaded with Lieutenant Nave to be relocated, but Nave allegedly did nothing.

The day after Plaintiff had asked Lieutenant Nave for help, Plaintiff's roommate stabbed Plaintiff with a pencil and bit Plaintiff several times. Plaintiff broke his own hand trying to defend himself. After the incident, Plaintiff filed a grievance, which allegedly unleashed a barrage of retaliatory behavior by other officers, orchestrated by Lieutenant Nave.

Plaintiff states an arguable Eighth Amendment claim for failure to protect and a First Amendment claim for retaliation for filing grievances. However, Plaintiff names only Lieutenant Nave as a Defendant. If Plaintiff intends to sue the other officers who retaliated against him, Plaintiff must file a motion to add the officers as defendants.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for failure to protect and a First Amendment

claims for retaliation against him for filing a grievance. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

    2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **Plaintiff's motion for default is denied (10).**

14) **Plaintiff's motion for counsel is denied (5) with leave to renew after Plaintiff tries to obtain counsel on his own. Typically this means writing to several law firms or lawyers and attaching the responses to the motion for counsel. If Plaintiff files another motion for counsel, Plaintiff should set forth his**

**highest educational level attained, any classes he has taken in prison or certificates he has achieved, and any jobs he has held in and out of prison.**

ENTERED:    July 3, 2014

FOR THE COURT:

                                    **s/Sue E. Myerscough**
                                  SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE